IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

GPM INDUSTRIAL INC.                                    CASE NO.:4:16-CV-01129
a Florida corporation,

     Plaintiff,

vs.

PDVSA SERVICES, INC., a Delaware
Corporation, and
BARIVEN, S.A. d/b/a BARIVEN CORP,
a foreign corporation.

     Defendants.

_____/

### PLAINTIFF GPM INDUSTRIAL INC.'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANT BARIVEN , S.A AND MEMORANDUM IN SUPPORT THEREOF

TO THE HONORABLE JUDGE OF SAID COURT:

     Pursuant to Rule 55 of the Federal Rules of Civil Procedure Plaintiff, GPM INDUSTRIAL Inc., through its attorneys, files this Motion for Entry of Final Default Judgment as to Liability and Damages against Defendant BARIVEN, S.A., d/b/a BARIVEN CORP. , and, in support thereof, would respectfully show the Court the following:

#### A. Introduction

     1.    Plaintiff is GPM INDUSTRIAL, INC.("GPM"); Defendants are PDVSA, SERVICES, INC. ("PDVSA, INC.")AND BARIVEN, S.A. d/b/a BARIVEN CORP., ("BARIVEN").

     2.    On or about April 26, 2016, Plaintiff filed an Original Complaint against Defendants for failing to pay for equipment delivered.  A copy of the Original Complaint is on file herein and incorporated by reference.  DOC. 1.

3.      On or about July 6th, 2016 Defendant BARIVEN was served with a summons care of its subsidiary and Agent in the United States, PDVSA, INC.  PDVSA is a Delaware Corporation doing business in Houston, Texas.  The return of service is filed with this Court.  DOC. 20 BARIVEN, S.A. has not filed a responsive pleading or otherwise defended the suit.

4.      On July 26, 2016, PDVSA, INC. filed a Notice of Improper Service. DOC. 21.

5.      On September 2, 2016, the Court conducted a Rule 26 conference with the parties and requested the Motion for Default and briefing thereon.

6.      Plaintiff now asks the Court to enter a final default judgment against Defendants BARIVEN, S.A. d/b/a BARIVEN CORP.

## B. Facts

7.      Plaintiff GPM is a manufacturing business incorporated in and headquartered in Florida that sold Defendants sophisticated oil field equipment. *Id.*

8.      In consideration of the equipment delivered, Defendants expressly promised Plaintiff to timely pay the amount owed of $4,213,357.00.  In reliance on these representations and the parties' agreement, GPM sold and delivered the equipment. *Id.*

9.      Defendant BARIVEN has failed and refused to pay for the merchandise delivered by GPM.  Plaintiff has suffered damages  as set forth above in the amount of at least $4,213,357.00 as a result of the acts and omissions of the defendants, not including interest, attorney's fees and costs.

10.     Plaintiff has had to employ counsel Helena M. Tetzeli and Caldwell Fletcher to recover damages owed by Defendant BARIVEN.  Under Texas Civil Practice & Remedies Code § 38.001, Plaintiff is entitled to recover its reasonable and necessary attorney's fees from Defendants.

## C. Argument

11.     The court clerk may enter a default against a party who has not filed a responsive pleading or otherwise defended the suit. *See* Fed. R. Civ. P. 55(a), (b)(2); *United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 163-64 (1st Cir. 2004); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

12.     Further, a default *judgment* may be entered against a party who has not filed a responsive pleading or otherwise defended the suit if the plaintiff's claim is for a "sum certain or a sum that can be made certain by computation".   Fed. R. Civ. P. 55(a), (b)(I)(2); *United States v. $23,000 in U.S. Currency*, 356 F.3d at 163-64.

14.     This Court should enter a final default judgment against BARIVEN as to liability and damages as the amount owed is a fixed sum and as BARIVEN has not filed a responsive pleading and over 2 months have elapsed since service of process. *See* [Doc. 20] (return of service); Fed. R. Civ. P. 12(a)(1)(A)(i).  Plaintiff was provided competent evidence, untarnished by speculation, as to the liquidated damages herein, in the form of the demand letter attached to the complaint, as well as the Affidavit of Gabriel D' Pascuale, Vice President and Director of GPM attached hereto and the invoices filed herein.

15.     BARIVEN is not a minor or incompetent person and is not in the military service as it is a corporation.  Fed. R. Civ. P. 55(b)(2); 50 U.S.C. app. §521(b)(1). BARIVEN, is not in the military.  Exhibit "C".

### D. Service on BARIVEN'S Agent and Subsidiary in the U.S., PDVSA, is valid under Supreme Court Precedent

16.     While GPM has the option to serve BARIVEN, a Venezuelan Corporation, through the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention") it is not required to employ this method of service.

*Volkswagenwerk at the Aktiengesellschaft Schlunk,* 486 U.S. 694,108 S. Ct. 2104 (1988).  In *Schlunk*, the Supreme Court affirmed the validity of service of process on a foreign corporation by serving process on the corporation's domestic subsidiary in the United States when domestic service otherwise allowed as a method of service.

17.     Defendant BARIVEN was served through its acknowledged Agent and wholly owned U.S. subsidiary, PDVSA.  DOC. 20.  As PDVSA has acknowledged in filings with this Court, it is BARIVEN's "Agent" in the U.S. *See generally*, DOC. 8 (Motion to Dismiss);   DOC. 28 (Answer). Moreover, PDVSA is owned 100% by BARIVEN and thus is its wholly owned subsidiary.  See attached copy of Texas Franchise Tax Public Information Report, stating that BARIVEN, S.A. is the "parent" corporation and that it owns "100.00" percentage in PDVSA, Services, Inc.

18.     Significantly, the contract between the parties memorialized in the purchase orders attached to GPM'S Complaint establishes that GPM, PDVSA, and BARIVEN expressly agreed that disputes between them "shall be governed by and interpreted in accordance with" Texas law, and that the "exclusive jurisdiction for all disputes arising from or related to the [purchase] Order shall be the applicable State and Federal courts of Harris County, Texas."  Exhibit "A" to Complaint (Doc.1) at 29, paragraph 22.  Nowhere did the parties agree that service of process on BARIVEN had to be via the Hague Convention.  Moreover, the purchase orders identify PDVSA as BARIVEN's agent here, without any limitation.

In the instant case, GPM served Defendant BARIVEN by serving its undisputed agent and subsidiary in the U.S.—a legally recognized method of service on a non-resident.  *Schlunk; See also, National Equip. Rental Ltd. v Szukhent* 375 U.S. 311, 84 S.Ct. 411 (1964) [Service upon an authorized agent satisfies due process by providing the defendant with actual notice of the suit]; *see also,* Tex. Civ. Prac. and Rem. Code §§ 17.021; 17.043  (service on certain non-resident business entities by

serving agents or others on their behalf). Plaintiff is therefore entitled to entry of a default and default

judgment as service of process on BARIVEN was legally effectuated by service on PDVSA.

### D. Conclusion

For these reasons, Plaintiff, GPM INDUSTRIAL, INC. asks the Court to enter a Final

Judgment of Default against Defendant BARIVEN, S.A.  d/b/a BARIVEN CORP.,  and for all

such other and further relief, at law and/or in equity which it deems appropriate.

Respectfully submitted,

CALDWELL FLETCHER, P.C.

*S/Caldwell Fletcher*
(John) Caldwell Fletcher
State Bar No. 07141710
Federal I.D. No. 9654
3401 Allen Parkway, Ste. 100
Houston, Texas 77019
Telephone:  713/284-1624
Fax: 1 713/583-9883
Caldwell@caldwellfletcherpc.com
ATTORNEY   FOR   PLAINTIFF,   GPM
INDUSTRIAL INC.

KURZBAN KURZBAN WEINGER
TETZELI & PRATT, P.A.
*Attorney Admitted Pro Hac Vice*
2650 SW 27th Avenue, 2d Floor
Miami, FL 33133
Tel: 305-444-0060
Fax: 305-444-3503
Email: Helena@kkwtlaw.com


By:   S/ Helena Tetzeli
HELENA TETZELI
Fla. Bar No. 759820

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this instrument has been forward to all known parties of record as indicated below, in accordance with the Federal Rules of Civil Procedure on this _26th day of Sept., 2016.

_____ /s/ Caldwell Fletcher _____
Caldwell Fletcher

PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AND MEMORANDUM OF LAW