United States District Court
Southern District of Texas
**ENTERED**
February 07, 2020
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **GPM INUDUSTRIAL, INC.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CASE NO. 4:16-CV-01129** |
| | § | |
| **PDVSA SERVICES, INC., and** | § | |
| **BARIVEN, S.A. d/b/a BARIVEN CORP** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## O R D E R

Pending before the Court is Plaintiff's Motion for Summary Judgment. **(Instrument No. 53)**.

### I.

### A.

Plaintiff, GMP Industrial, Inc. ("GPM") filed this collections lawsuit against Defendants PDVSA Services, Inc. ("PSI"), Petroleros De Venezuela, S.A. ("Petroleros"), and Bariven, S.A. d/b/a Bariven Corp. ("Bariven") for failure to pay for industrial machinery, parts and components it sold and delivered to Defendants. (Instrument No. 43). GPM is a Florida corporation. (Instrument No. 53 at 1-2). Defendant Petroleros is a Venezuelan entity. *Id.* Defendant Bariven is a Venezuelan Corporation, formerly registered with the Texas Secretary of State as a foreign corporation doing business in Texas. (Instrument No. 43 at 2). Defendant PSI is a Delaware corporation, headquartered in Houston, Texas, and is owned by Bariven. *Id.* On January 3, 2017, this Court found that GPM needed to serve Defendants Bariven and Petroleros pursuant to the Hague Convention of the Service Abroad of Judicial and Extrajudicial

Documents in Civil or Commercial Matters. (Instrument No. 35). Plaintiff admits that process is still ongoing, and PSI is the only Defendant currently subject to this Court's jurisdiction. GPM seeks summary judgment against PSI only. (Instrument No. 53 at 1).

According to the Amended Complaint, beginning in 2014 through late 2015, GPM entered into a series of purchase orders with Bariven, as the Purchaser, and PSI, as the Agent for Purchaser. (Instruments No. 43 at 3, No. 43-1 at 17). The Purchase Orders contracted GPM to sell industrial equipment, machinery, and supplies to Defendants. *Id.* GPM delivered the equipment and supplies on time and in compliance with the terms of the purchase order. (Instrument No. 43 at 4). GPM requested payments several times but Defendants have failed to pay. *Id.* GPM alleges that Defendants did not complain of the equipment and supplies they accepted or dispute the amount owed. *Id.* The Amended Complaint alleges that Defendants, including PSI, owe $4,213,351.07, not including interest, late charges, or costs of collection and attorney's fees. (Instruments No. 43 at 4, No. 53 at 4-5).

**B.**

GPM filed its original complaint against Defendants on April 26, 2016, and its Amended Complaint on January 02, 2018. (Instruments No. 1; No. 43). PSI responded to the Original Complaint on September 16, 2016, and the Amended Complaint on January 23, 2018. (Instruments No. 28; No. 44). GPM filed its Motion for Summary Judgement on February 01, 2019. (Instrument No. 53). The Court granted the parties Agreed Motion for Additional time on March 3, 2019 and their Agreed Motion for 60 Day Stay of Case on March 14, 2019. (Instruments No. 55; No. 59). PSI responded to GPM's Motion for Summary Judgment on September 12, 2019. (Instrument No. 66). GPM filed its Reply in Support of its Motion for Summary Judgment on November 22, 2019. (Instrument No. 71).

## II.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006); *see also* Fed. R. Civ. P. 56(a).

The "movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex*, 477 U.S. at 322-25). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Fisk Elec. Co. v. DQSI, L.L.C.*, 894 F.3d 645, 650 (5th Cir. 2018) (internal quotations omitted); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "showing — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

3

After the moving party has met its burden, in order to "avoid a summary judgment, the nonmoving party must adduce admissible evidence which creates a fact issue concerning the existence of every essential component of that party's case." *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992). The party opposing summary judgment cannot merely rely on the contentions contained in the pleadings. *Little*, 37 F.3d at 1075. Rather, the "party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim," *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 457, 458 (5th Cir. 1998); *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). Although the court draws all reasonable inferences in the light most favorable to the nonmoving party, *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008), the nonmovant's "burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). Similarly, "unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment." *Clark v. Am.'s Favorite Chicken*, 110 F.3d 295, 297 (5th Cir. 1997).

In deciding a summary judgment motion, the district court does not make credibility determinations or weigh evidence. *E.E.O.C. v. Chevron Phillips Chem.Co., LP*, 570 F.3d 606, 612 n.3 (5th Cir. 2009). Nor does the court "sift through the record in search of evidence to support a party's opposition to summary judgment." *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 379-80 (5th Cir. 2010); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003); *Ragas*, 136 F.3d at 458; *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir.1988) (it is not necessary "that the entire record in the case ... be searched and found bereft of a genuine

issue of material fact before summary judgment may be properly entered"). Therefore, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara*, 353 F.3d at 405.

## III.

GPM alleges PSI is personally liable for the debt owed to GPM. (Instrument No. 53 at 6). According to GPM, PSI is liable because of the express terms in the Purchase Orders and PSI's course of dealings and representations made to GPM. (Instrument No. 53 at 6, 10). Specifically, GPM seeks summary judgment asserting that PSI was not only acting as Bariven's purchasing agent, but PSI expressly assumed Bariven's obligations and liability under the plain language of the Purchase Orders, acted as the owner, and had same interests as Bariven. *Id.* at 8. PSI argues that it never agreed to be bound by the contract at issue and is not a party to the contract because it only served as an authorized agent of Bariven, its disclosed principal. (Instrument No. 44 at 3).

In Texas, it is well established that an agent acting for a disclosed principal is not liable for claims arising out of contracts executed by the agent on behalf of its principal. *Lake City Stevedores, Inc. v. East-West Shipping Agencies, Inc.,* 474 F.2d 1060, 1063 (5th Cir. 1973). However, an agent may be held personally liable for claims arising out of contracts in certain circumstances. First, an "agent for a disclosed principal may bind himself if he conducts himself in such a way as to indicate an intent to be bound." *Id.* Second, an agent can also be liable on the contract if he "explicitly or implicitly obligates himself in the contract. *Heffron v. Pollard,* 73 Tex. 96, 11 S.W. 165, 166 (1889); *see Seale v. Nichols,* 505 S.W.2d 251, 255 (Tex.1974). Lastly, if an agent has substituted his own responsibility for that of his principal or has pledged his own responsibility in addition to that of his principal, he will be bound accordingly. *Vincent Murphy*

*Chevrolet Co. v. Auto Auction, Inc.,* 413 S.W.2d 474, 477–478 (Tex. Civ. App. 1967) (quoting *American Nat'l Bank v. American Loan & Mortgage Co.,* 228 S.W. 169 (Tex. Comm'n App.1921); *see Eppler, Guerin & Turner, Inc. v. Kasmir,* 685 S.W.2d 737, 738 (Tex. App. 1985); *Richards Group, Inc. v. Stone Container Corp.,* 1997 WL 78916 *3 (Tex. App. 1997). "This liability is not predicated upon his agency, but upon his contract obligations." *Id.*

The Purchase Orders unambiguously establish PSI's role as agent. In *Roe v. Ladyman,* the court held the "agent's signature below principal's name preceded by preposition 'by' indicated agent signed on behalf of disclosed principal only, and thus agent was not liable on contract."). 318 S.W.3D 502, 515 (Tex. App. 2010). Here, the address block on the agreement says "Bariven, S.A., c/o PDVSA Services, Inc., Purchasing Agent." (Instrument No. 43-1 at 3). The Purchase Orders define "Agent" as "PDVSA Services Inc., in its capacity as agent for "Purchaser," with "purchaser" defined as "Bariven S.A." *Id.* at 8. The agreement closes with the signature "Bariven, S.A. – C/O PDVSA Services, Inc., Purchasing Agent." *Id.* at 17. Moreover, GPM admits that PSI is Bariven's purchasing agent and consistent with the agent-principal relationship, Bariven is the only party entitled to make changes on the order. (Instrument No. 52 at 8, 20). The Purchase Orders allow payment from PSI but merely as Bariven's purchasing agent. *Id.* GPM has not pointed the Court to any language indicating that PSA agreed to be personally bound under the Purchase Orders.

Additionally, PSI's alleged course of dealings with GPM do not expressly and/or implicitly demonstrate that PSI intended to be personally bound by the Purchase Orders. GPM alleges that Ms. Del Moral ("Del Moral"), a PSI employee, assured Mr. Gustavo Gamboa ("Gamboa"), GPM's President and CEO, that "PSI would honor the obligation to pay the amount owed and if future orders were fulfilled, we [GPM] would be paid". GMP also asserts Del Moral

6

informed Gamboa that PSI "had the ultimate authority to pay invoices of vendors such as GPM." (Instrument No. 53 at 10). The Court finds this characterization of Del Moral's deposition inaccurate. (Instrument No. 53-1 at 7). Del Moral never stated that PSI had the ultimate authority to pay invoices. In fact, Del Moral stated that her job entailed reviewing an invoice, determining if it matched the purchase order of Bariven and then sending it to Barriven for the payment process. (Instrument No. 66-2 at 10). Gamboa's alleged conversation with Del Moral and her deposition do not indicate PSI's intent to be bound by the Purchase Orders in its individual capacity. None of the evidence cited by GPM demonstrate that PSI expressed an intent to be bound by the Purchase Orders, and/or substituted or pledged its own responsibility in exchange of or in addition to its principal Bariven.

Accordingly, Plaintiff's Motion for Summary Judgment is **DENIED**.

## IV.

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED. (Instrument No. 53).**

The Clerk shall enter this Order and provide a copy to all parties.

**SIGNED** on this the _____ day of February, 2020, at Houston, Texas.

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**

7