IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

GPM INDUSTRIAL INC.
a Florida corporation,

    Plaintiff,

vs.

PETRÓLEOS DE VENEZUELA, S.A.;
BARIVEN, S.A. d/b/a BARIVEN CORP,
a foreign corporation; and
PDVSA SERVICES, INC., a Delaware
Corporation,

    Defendants.
_____/

CASE NO.: 16-CV-01129

_____

## SECOND AMENDED COMPLAINT
_____

Plaintiff, GPM INDUSTRIAL INC., through undersigned counsel, brings this action against Defendants PETRÓLEOS DE VENEZUELA, S.A.,[1] and BARIVEN, S.A. d/b/a BARIVEN CORP, and PDVSA SERVICES, INC, for failure to pay for industrial equipment, supplies and materials Plaintiff sold and delivered to Defendants and states as follows:

**I.**    **PARTIES**

1.    Plaintiff, GPM INDUSTRIAL INC. ("GPM") is a Florida corporation.

---

[1] This Second Amended Complaint is identical to the First Amended Complaint in substance. It is amended only to correct a scrivener's error in the spelling of Defendant PETRÓLEOS DE VENEZUELA, S.A. In the First Amended Complaint, Plaintiff mistakenly spelled "PETRÓLEOS" as "PETROLEROS." *See* D.E. 43. Plaintiff has only recently become aware of this error and, at all times, Plaintiff intended to name and bring this action against PETRÓLEOS DE VENEZUELA, S.A. Plaintiff thus files this Second Amended Complaint only to correct this scrivener's error.

2. Defendant, PETRÓLEOS DE VENEZUELA, S.A. ("PDVSA") is a Venezuelan State-owned entity with its registered office at Avenida Libertador, Edificio Petroleos de Venezuela, Torre Este, La Campina, Caracas 1050-8 in the Bolivarian Republic of Venezuela.  At all relevant times PDVSA conducted significant and/or substantial business in Texas.

3. Defendant, BARIVEN, S.A. d/b/a BARIVEN CORP ("BARIVEN") is a foreign (Venezuelan) corporation which at all relevant times conducted significant and/or substantial business in Texas.  BARIVEN was formerly registered with the Texas Secretary of State as a foreign corporation doing business in Texas.  While this registration lapsed on April 27, 1995, it continues to operate in Texas.

4. Defendant, PDVSA SERVICES, INC. ("PDVSA Services")[2] is a Delaware corporation registered to do business in Texas, with its principal place of business in Texas, and doing significant and/or substantial business in Texas.

5. PDVSA owns BARIVEN.  BARIVEN in turn owns PDVSA Services.

## II.   JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as Plaintiff GPM is a citizen of Florida; Defendant PDVSA Services, Inc., is a citizen of Texas and/or Delaware; Defendants BARIVEN and PDVSA are subjects of a foreign state; and the amount in controversy exceeds $75,000.00.

---

[2]   PDVSA Services was voluntarily dismissed from this case on May 22, 2020 based on a stipulation between PDVSA Services and Plaintiff. *See* D.E. 79. However, Plaintiff keeps all references to PDVSA Services as they appeared in the First Amended Complaint to maintain consistency.

7. This Court has personal jurisdiction over Defendant PDVSA, as it regularly does significant and/or substantial business in Texas, and/or has agents and/or an office in Texas.

8. This Court has personal jurisdiction over Defendant BARIVEN, as it regularly does significant and/or substantial business in Texas, and/or has entered into a contract in Texas to be performed in Texas, which it has breached as alleged herein and/or has agents and/or an office in Texas.

9. This Court has personal jurisdiction over Defendant PDVSA Services as it is registered to do business in Texas, regularly does significant and/or substantial business in Texas, and/or has entered into a contract in Texas to be performed in Texas, which it has breached as alleged herein, and/or has agents and/or an office in Texas, specifically it operates from 1293 Eldridge Parkway, Houston Texas 77077-1670.

10. Moreover, Defendants BARIVEN and PDVSA Services have expressly agreed to this Court's jurisdiction. *See* Composite Exhibit "A" (A-1) Par. 22 ["… exclusive jurisdiction for all disputes arising from or relating to the [purchase] order shall be the applicable State and Federal Courts of Harris County, Texas."].

11. Venue in this District is proper as a substantial part of the events or omissions giving rise to this claim occurred in Harris County. 28 USC § 1391 (b)(2). Alternatively, venue is proper in the Southern District of Texas, Houston Division because Defendants are subject to this Court's personal jurisdiction regarding this action. 28 USC § 1391(b)(3).

### III. FACTS

12.     Commencing in early 2014, through late 2015, Plaintiff GPM entered into a series of Purchase Orders to sell industrial equipment, machinery and supplies to Defendants. Copies of each Purchase Order and the corresponding invoice are attached hereto as Composite Exhibit "A", (A-1 through A-13).

13.     In compliance with the Purchase Orders attached in Composite Exhibit "A", Plaintiff timely delivered to Defendants, and Defendants accepted without complaint or dispute, the industrial supplies, equipment and machinery they ordered.

14.     Defendants currently owe and have refused and failed to pay Plaintiff the amount of $4,213,351.07, not including interest, late charges, or collection costs.

15.     Plaintiff has orally, and in writing, requested payment numerous times, to no avail. Plaintiff, through counsel, has also requested payment of the balance owed but the balance remains due and outstanding.[3]  Exhibit "B."

16.     At no time did any of the Defendants inform Plaintiff of any failure to deliver any of the merchandise ordered or of any defect in any of the materials or equipment they accepted.

17.     Defendants' failure to pay in this case does not represent the standard, garden variety breach of contract and failure to pay for merchandise. Instead, these Defendants have acted individually and in concert to leave a supplier, in this case Plaintiff, GPM, without a remedy.[4]  Thus, PDVSA Services has previously claimed to be merely a

---

[3] The demand letter attached hereto as Exhibit "B" meets the requirements of Tex. Civ. Prac. & Rem. Cd. Sec. 38.002 and Defendants have not paid within 30 days of their receipt.
[4] Indeed, this seems to be a *modus operandi* for the PDVSA Group, PDVSA, PDVSA Services, Inc., BARIVEN and other PDVSA subsidiaries have been sued in multiple jurisdictions including in this district for failure to pay suppliers and vendors. See e.g. *Sinopec U.S.A. Inc. v. PDVSA Services, B.V et al*, U.S. District Court, S.D. of Texas,

purchasing agent of BARIVEN and therefore immune from liability (D.E. 8), and BARIVEN (as has been done in this case D.E. 21) and PDVSA will presumably assert the protection of the Hague Service Convention. However, all of the Defendants were involved in the transactions at issue in this case and acted as a single unit for a common business purpose and by their conduct as described in more detail below assumed the obligation to pay Plaintiff. Indeed, Defendant PDVSA by its own admission "plans, coordinates, supervises, and controls" the business activities carried out by its subsidiaries including BARIVEN and PDVSA Services.[5] Thus, as stated on the PDVSA website, its subsidiaries function to achieve "the goals set by PDVSA" and PDVSA and its subsidiaries form a single corporation. Exhibits C; D. Links to the website for PDVSA Services, Inc., and BARIVEN redirect one to the PDVSA website. Publicly available online third-party information when one searches under "PDVSA Services" provides that this Defendant "also operates under the name of BARIVEN". Exhibits, E, F. Upon information and belief, Defendants file consolidated Financial Statements and otherwise act as a single enterprise.

18.   Moreover, based on the express language of each Purchase Order and the behavior of the Defendants described below, each Defendant is bound by each Purchase Order and is liable for the failure to pay for the materials delivered by Plaintiff GPM in compliance with each Purchase Order.

---

Houston Division, Case No.:   4:17-CV-3604; *PetroSaudi v. PDVSA,* UK Court of Appeals. *https://es.scribd.com/.../PetroSaudi-v-PDVSA-UK-Court-of-Appeals-130-Million-Jud*

[5] http://www.pdvsa.com/index.php?option=com_content&view=article&id=6541&Itemid=888&lang=en.

19.     While the Purchase Orders' Terms and Conditions refer to BARIVEN as the "Purchaser" and define "Agent" to include PDVSA Services "in its capacity as agent for Purchaser," nowhere do the Terms and Conditions provide that Defendant PDVSA Services' sole function is as agent for BARIVEN.  To the contrary, both the terminology in the Purchase Orders' Terms and Conditions, as well as Defendants' acts and omissions plainly show that these entities were acting interchangeably, as a single enterprise and/or alter egos of each other.  Thus, for example, the Terms and Conditions and the Purchase Orders refer to both BARIVEN and PDVSA Services throughout.  PDVSA Services is allocated an active role in performance of each Purchase Order.  The Terms and Conditions state the term "Purchaser Group" includes BARIVEN and PDVSA Services as well as all of their "respective officers, directors, and employees…"  Composite Exhibit "A" (A-1), Par. 1(g).  At least one Purchase Order provides that "Party means any of Purchaser, Seller, or Agent."  Composite Exhibit "A" (A-2), Par. 1(e).  While the Terms and Conditions state that only the Purchaser has the right to make changes to the Purchase Orders, in fact changes were made, run through and/or approved by Defendants PDVSA and/or PDVSA Services and not simply by BARIVEN.  *See, e.g.*, Composite Exhibit G (Various email correspondence and change orders).

20.     Moreover, the relevant Terms and Conditions provide that "the *Company* may withhold Payments" to Plaintiff GPM, without defining or specifying which of the Defendants is the "Company."  *See* Composite Exhibit "A" (A-1), Par. III (emphasis added).

21. In fact, the Terms and Conditions authorize both "Purchaser or its Agent" to make payments to Plaintiff GPM and the Terms and Conditions also authorize both "Purchaser and/or its Agent" to authorize payment of any licenses, fees or royalties, and the indemnification clause of the Terms and Conditions applies to the "Purchaser, Purchaser Group and Agent." Exhibit "A" (A-1), Par. 5

22. The foregoing is provided by way of example of Defendants' single enterprise structure and not by way of limitation as the Terms and Conditions and the core of dealing between Defendants and Plaintiff GPM is replete with other similar conflation of duties, rights, and obligations of the Defendants each of whom at times acted as a party to the Purchase Orders and/or as the purchaser.

23. Moreover, invoices for payment were routinely sent by Plaintiff GPM to Defendant PDVSA Services and Defendant PDVSA Services who expressly assumed the obligation to pay the outstanding balances and behaved as if it was bound.  Thus, when Plaintiff requested payment from PDVSA Services or inquired regarding delays in payment, instead of disputing that it was liable for payment, PDVSA Services instead confirmed that payment was due and owing. *See, e.g.*, Exhibit H (Email of October 30, 2014 from Aida del Moral, representative of PDVSA Services, confirming receipt of Plaintiff GPM's invoices and requesting that Plaintiff provide PDVSA Services with "banking information on company letterhead."  *See also* Exhibit I, Email of March 30, 2015 from Del Moral to Plaintiff in response to Plaintiff's request for payment, stating that "invoices for Purchase Orders that belong to the Houston office (PSI) have been approved and are pending payment".  In this same email, PDVSA Services also refers to itself as an

extension of co-Defendant PDVSA or BARIVEN, stating, "We will continue to follow up with our headquarters office in Venezuela …." Exhibit "I".

24. In addition to the foregoing written representations, Defendant PDVSA Services also made oral promises to pay Plaintiff and acknowledged the debt as being owed. For example, in November 2014 after Plaintiff GPM's President requested a meeting with PDVSA Services at its Houston Office to discuss the pending, past due invoices, he was told to meet with a PDVSA Services representative. *See* Exhibit "J". At a meeting with two PDVSA Services representatives, he was specifically advised that Plaintiff GPM would be paid. Indeed, at no point has Defendant PDVSA Services denied responsibility for payment of any of the amounts due. Thus, Defendant PDVSA Services assumed individual liability for the debt to Plaintiff.

25. Some payments were made by Defendants over the span of the two-year period in which Plaintiff GPM provided equipment and material. These payments, and Defendant PDVSA Services' continued representations that Plaintiff GPM would in fact be paid in full, led Plaintiff to believe that the full balance would be paid. Upon information and belief, these payments and representations were made to induce Plaintiff to continue to supply Defendants with the equipment and materials they requested when in fact, Defendants knew or should have known that payments for the invoices referenced to and attached herein would never be made.

26. As noted by the court in a separate lawsuit where PDVSA Services was a defendant, Defendant PDVSA operates as one entity and is in many respects "a unique organization" that gives "little consideration to profits and losses of its separate corporate

entities, and instead employs the companies or operational arms on behalf of the parent, PDVSA." *Brickell, LLC v. PDVSA Services, Inc.*, 516 F. App'x. 742, 760, NT 20 (11th Cir. 2013). By effectively functioning as one party, albeit under different names, Defendants have negotiated, transacted, breached and promised payment for the Purchase Orders as one unit under the control of Defendant PDVSA.

27. As described above, Defendants caused GPM to believe that it was doing business with Defendants as a single enterprise and that each and any of the Defendants were responsible for payment of the amounts owed. Based on Plaintiff's expeirnece and upon information and belief, BARIVEN was merely a shell company with the purpose of hindering or preventing suppliers and creditors such as Plaintiff GPM from enforcing payment obligations.

28. Plaintiff is required to pay the undersigned counsel a reasonable fee for its services in this case.

29. Any counts of this Complaint that are duplicative should be deemed pleaded in the alternative.

30. Any and all conditions precedent to this lawsuit have been performed, waived, or excused.

## COUNT I
## (OPEN ACCOUNT)

31. Plaintiff realleges and reavers paragraphs 1- 30 as if fully set forth herein.

32. As set forth above, and as documented in Composite Exhibit A, Plaintiff sold and delivered merchandise to Defendants.

33. The aforementioned amount owed is just and/or was charged in accordance with the parties' agreement, and/or is customarily and reasonably priced for the merchandise sold and delivered to Defendants.

34. Defendants have failed and refuse to pay the amount owed.

WHEREFORE, Plaintiff demands judgment in its favor for the full amount owed of $4,213,351.07, costs, interest and to the extent provided by law or contract, reasonable attorneys fees, and any other relief this Court deems just and proper.

## COUNT II
## (BREACH OF CONTRACT)

35. Plaintiff realleges and reavers paragraphs 1-30 as if fully set forth herein.

36. Defendants BARIVEN and PDVSA Services agreed to purchase from and pay Plaintiff for sold merchandise, as described and memorialized in detail in Composite Exhibit "A".

37. The terms of payment for each Purchase Order were "net 30 days".

38. As set forth in Composite Exhibit "A", Plaintiff delivered and Defendants accepted delivery of over $4,213,351.07 worth of merchandise from Plaintiff. As alleged herein, Defendants have failed and refused to pay for the merchandise they requested in the attached Purchase Orders which was delivered and accepted by Defendants.

39. Plaintiff has at all relevant times complied with all the material terms and conditions of its agreement with the Defendants.

40. Defendants have breached the contract by failing to make payments for the amount owed of $4,213,351.07.

WHEREFORE, Plaintiff demands judgment in its favor for the full amount owed $4,213,351.07, costs, interest and to the extent provided by law or contract, reasonable attorneys fees, and any other relief this Court deems just and proper.

## COUNT III
## (COMMON LAW FRAUD/FRAUDULENT INDUCEMENT)

41. Plaintiff realleges and reavers paragraphs 1-30 as if fully set forth herein.

42. As described in paragraphs 24-27, Defendant PDVSA Services represented to Plaintiff that full payment would be made of the balance owed for the materials and equipment delivered in compliance with the attached Purchase Orders.

43. These representations were false when made, as PDVSA Services knew or was in a position to know that Plaintiff would never be paid as the PDVSA Group of companies (including Defendants) was during the relevant period routinely failing to pay vendors and suppliers. These representations were made knowing that Plaintiff would rely on these representations and would therefore continue to deliver the goods ordered.

44. Plaintiff justifiably relied on the Terms and Conditions in the Purchase Orders Providing that Defendants were authorized to make payments and on specific representations by Defendant PDVSA Services including those described herein that payment would be made and kept on delivering the goods ordered by Defendants in a timely manner and in complete conformance with the Purchase Orders.

WHEREFORE, Plaintiff demands judgment in its favor for the full amount owed $4,213,351.07, costs, interest and to the extent provided by law or contract, reasonable attorneys fees, and any other relief this Court deems just and proper.

## COUNT IV
### (UNJUST ENRICHMENT)

45. Plaintiff realleges and reavers paragraphs 1-30 as if fully set forth herein.

46. It would be wholly unjust and unequitable for Defendants, each part of collaborating parties within the PDVSA Group under the leadership of PDVSA, to be allowed to enjoy without payment or justification, the value of the materials and equipment provided and delivered by Plaintiff without payment.

47. As Defendants directly benefited from Plaintiff GPM's delivery of goods performance and have failed to pay for the materials and equipment they received from Plaintiff, they should be required to reimburse Plaintiff in the amounts set forth in the attached invoices.

WHEREFORE, Plaintiff demands judgment in its favor for the full amount owed of $4,213,351.07, costs, interest and to the extent provided by law or contract, reasonable attorneys fees, and any other relief this Court deems just and proper.

## COUNT V
### (SINGLE ENTERPRISE)

48. Plaintiff realleges and reavers paragraphs 1-30 as if fully set forth herein.

49. The corporate form used by the Defendants in this case should be disregarded as Defendant acted as a single combined unit.

50. The Single Enterprise Doctrine applies when as described herein, two or more entities act as one and integrate resources to achieve a common business purpose. In such a case, each constituent corporation is individually liable for the debt incurred in pursuit of that business purpose.

51. As described herein and upon information and belief, PDVSA owns BARIVEN, BARIVEN is the sole owner of PDVSA Services and BARIVEN is a mere shell set up to assume liability without adequate protection to creditors including Plaintiff GPM. PDVSA Services functions solely and uses its resources exclusively to achieve the common business purpose of PDVSA and the PDVSA group of subsidiaries to procure delivery of materials and equipment necessary for PDVSA's oil business to function. Thus, each Defendant should be liable individually or jointly and severally.

WHEREFORE, Plaintiff demands judgment in its favor for the full amount owed of $4,213,351.07, costs, interest and to the extent provided by law or contract, reasonable attorneys fees, and any other relief this Court deems just and proper.

## COUNT VI
## (ALTER EGO)

52. Plaintiff realleges and reavers paragraphs 1-30 as if fully set forth herein.

53. In the alternative, Defendants' corporate form should be disregarded because it was used as a sham to perpetrate a fraud against Plaintiff.

WHEREFORE, Plaintiff demands judgment in its favor for the full amount owed of $4,213,351.07, costs, interest and to the extent provided by law or contract, reasonable attorneys fees, and any other relief this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Respectfully submitted,

By: ___/s/ Helena M. Tetzeli_____
HELENA TETZELI
Fla. Bar No. 759820
KURZBAN KURZBAN
TETZELI & PRATT, P.A.
*Pro Hac Vice Attorney for Plaintiff*
131 Madeira Avenue
Coral Gables, FL 33134
Tel: 305-444-0060
Fax: 305-444-3503
Email: Helena@kktplaw.com

By: ____/s/ Caldwell Fletcher_____
CALDWELL FLETCHER
Texas SBN: 07141710
Federal ID No. 9654
CALDWELL FLETCHER, PC
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Phone: (713) 284-1624
Fax: (713) 583-9883
caldwell@caldwellfletcherpc.com

**ATTORNEYS FOR PLAINTIFF
GPM INDUSTRIAL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this instrument was electronically filed with the Clerk of Court using CM/ECF on this 8th day of July 2020. I also certify that the foregoing instrument is being served in some other authorized manner to those counsel and parties who are not authorized to receive electronic Notices of Electronic Filing or who have not yet entered their appearance in this matter.

_____*/s/ Caldwell Fletcher*_____
Caldwell Fletcher